**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

RECEIVED BY MAIL
OCT 13 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

| | |
|---|---|
| TRACY LEE HOLMES, SR.<br><br>*Plaintiff,*<br><br>v.<br><br>STATE OF MINNESOTA; MINNESOTA DEPARTMENT OF PUBLIC SAFETY; MINNESOTA BUREAU OF CRIMINAL APPREHENSION; PREDATORY OFFENDER REGISTRATION UNIT; TIM WALZ, Governor of Minnesota, in his official capacity; KEITH ELLISON, Attorney General of Minnesota, in his official capacity; JOHN DOE and JANE DOE POR officials, in their official and individual capacities; CITY OF MINNEAPOLIS; and MINNEAPOLIS POLICE DEPARTMENT, through its Chief of Police, in official capacity.<br><br>*Defendants.* | Court File No. 140 944<br><br>**COMPLAINT**<br><br>26-cv-4483 KMM/SGE |

COMES NOW Plaintiff Tracy Lee Holmes, Sr. ("Plaintiff"), *pro se*, and for his Complaint against the above-named Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This action challenges Defendants' continuing requirement that Plaintiff register as a predatory offender in Minnesota on the strength of a 1997 Nebraska conviction that Plaintiff contends authorized, at most, a ten-year registration term, together with Defendants' failure to produce a court order imposing lifetime registration, their alleged reliance on unverified out-of-state statements, and the resulting deprivation of liberty, reputation, employment, housing, and family association.

2. Plaintiff seeks:

SCANNED
OCT 13 2026
U.S. DISTRICT COURT MPLS

i. a declaration of his lawful registration status and termination date;

ii. an injunction requiring Defendants to correct records and cease any unsupported registration demand;

iii. production of the controlling court and registry records; and

iv. compensatory damages amount to $90,000,000.00, together with costs and other relief authorized by law.

3. Plaintiff asks this Court to determine, on verified records, whether any such order imposing lifetime (or still-open) Minnesota registration exists, and to grant relief if it does not.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including the Fourteenth Amendment and 42 U.S.C. § 1983. The Court has jurisdiction under 28 U.S.C. § 1343(a)(3) and (4) over claims to redress the deprivation, under color of state law, of rights secured by the Constitution and by Act of Congress providing for equal rights. The Court may grant declaratory and further necessary or proper relief under 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57.

5. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's reserved Minnesota-law claims, including official-record correction and any claim after notice under Minn. Stat. § 3.736, because those claims form part of the same case or controversy.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff resides and is required to report weekly in Minneapolis, Hennepin County, Minnesota, which lies in the District of Minnesota. A substantial part of the events giving rise to the claims, including BCA determinations, Minneapolis Police weekly homeless check-ins, and enforcement of Minn. Stat. § 243.166, occurred in this District. Defendants DPS and BCA also maintain offices at 1430 Maryland Avenue East, St. Paul, Minnesota 55106, in this District.

7. For purposes of 42 U.S.C. § 1983, the official-capacity individual Defendants are sued for prospective declaratory and injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908). The State of Minnesota, DPS, BCA, and the POR Unit are named for declaratory and injunctive relief and to the extent Eleventh Amendment immunity is waived or inapplicable. Municipal Defendants are "persons" under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), to the extent a policy, custom, or failure to train caused the alleged violation. Individual-capacity Does are sued for damages.

**PARTIES**

8. Plaintiff Tracy Lee Holmes, Sr., is a resident of Minneapolis, Hennepin County, Minnesota. Date of birth: August 14, 1973. Plaintiffs may be served and noticed at tracyholmes705@gmail.com and at Tracy Holmes, c/o PettyLawsuit, PO BOX 14425 Minneapolis Mn 55414.

9. The Defendant State of Minnesota is a sovereign state. It is named for declaratory and injunctive relief and to the extent immunity is waived or inapplicable.

10. The Minnesota Department of Public Safety ("DPS") is the executive department charged with administration of public-safety programs, including the Bureau of Criminal Apprehension.

11. Defendant Minnesota Bureau of Criminal Apprehension ("BCA") and its Predatory Offender Registration Unit administer Minn. Stat. §§ 243.166 and 243.167 and have issued written determinations of Plaintiff's Minnesota registration period.

12. Defendant Tim Walz is Governor of Minnesota and is sued in his official capacity for prospective declaratory and injunctive relief.

13. Defendant Keith Ellison is Attorney General of Minnesota and is sued in his official capacity for prospective declaratory and injunctive relief.

14. Defendants John Doe and Jane Doe are BCA / POR officials whose identities are not yet fully known who participated in classifying, extending, or enforcing Plaintiff's registration. Plaintiff will amend when their names are ascertained.

15. Defendant City of Minneapolis, through the Minneapolis Police Department, requires Plaintiff to complete weekly in-person check-ins as a purported homeless registrant and is sued for damages to the extent permitted by law.

**STATEMENT OF FACTS**

16. On or about December 6, 1996, the State of Nebraska filed an Information in the District Court of Douglas County, Docket 140, No. 944, charging Plaintiff with first-degree sexual assault on a child under Neb. Rev. Stat. § 28-319(1)(c), a Class II felony, alleging sexual penetration of Teresa Windham, a person then less than sixteen years of age.

17. On or about June 23, 1997, an Amended Information was filed charging Sexual Assault on a Child / sexual contact under Neb. Rev. Stat. § 28-320.01, a Class IV felony, alleging that Plaintiff, then nineteen years of age or older, subjected Teresa Windham, a person of fourteen years of age or younger, to sexual contact. Plaintiff entered a plea of *nolo contendere* the same day.

18. On August 15, 1997, the Honorable Robert V. Burkhard sentenced Plaintiff to eighteen (18) months of probation. The Sex Offender Registration Act notice given to Plaintiff stated that the duty to register "continues for at least ten (10) years following [the] most recent date of discharge from probation, parole, or incarceration." Plaintiff began registering in Nebraska on or about August 19, 1997.

19. Plaintiff contends that the plea agreement and the law in effect at sentencing limited registration to ten years and did not impose lifetime registration. Plaintiff further contends that no Nebraska court thereafter entered an order converting the original term into a lifetime obligation.

20. A probation-violation information was filed April 13, 1998. On February 10, 1999, Plaintiff was sentenced to ten months in the Douglas County Correctional Center with 52 days'

credit, and probation was terminated unsatisfactorily. On August 1, 2001, in Docket 153, Plaintiff was sentenced to twenty months for escape from official detention, to be served concurrently with the sentence then being served.

21. Plaintiff contends that the escape sentence and the probation-violation sentence did not lawfully convert a ten-year registration term into lifetime registration, and that any later administrative extension based on "noncompliance" or on post-conviction statutory amendments was imposed without a controlling judicial order and without adequate process.

22. Beginning no later than January 25, 2017, Minnesota officials required Plaintiff to register in Minneapolis, at times on an alleged lifetime basis. Plaintiff has been required to report, including weekly homeless check-ins with the Minneapolis Police Department as recently as July 24, 2026.

23. By letter dated April 15, 2026, the BCA Predatory Offender Registration Unit wrote that Plaintiff "initially started registering in Nebraska on August 19, 1997," that "in Nebraska, you are required to register until July 17, 2031," and that under Minn. Stat. § 243.166, subd. 6(e), "you must register for the time period required by Nebraska." The letter set Plaintiff's Minnesota period as August 19, 1997 to July 17, 2031.

24. By letter dated August 6, 2026, the BCA stated:

i. Minnesota previously treated Plaintiff as a lifetime registrant based on a 2014 communication from the Nebraska registry;

ii. on August 18, 2020, Nebraska sent court documents relating to a conviction described as "Sexual Assault on a Child" and reported dates of August 19, 1997 to May 5, 2031;

iii. on November 13, 2025, Nebraska reported a new end date of July 17, 2031, attributed to "noncompliance with Nebraska's registration laws"; and

iv. if Plaintiff objects to Nebraska's calculation, he "will need to communicate with them."

25. Plaintiff has repeatedly requested certified copies of every judgment, plea agreement, registration order, interstate record, and agency determination used to classify his obligation as lifetime or as extending to 2031. He has not been provided with a Minnesota court order imposing lifetime registration, a classification decision with an evidentiary hearing, or the complete Nebraska plea and sentencing file on which Minnesota purports to rely.

26. A recent review of Minnesota systems, as alleged in the July 27, 2026 demand, revealed no court order establishing a lifetime Minnesota registration requirement. Plaintiff is not presently listed, or has not consistently been listed, on the national public registry or the Minnesota public notification website in a manner consistent with a lawful lifetime public classification.

27. BCA personnel have advised Plaintiff that Minnesota attempts to match Nebraska's registration determination. Plaintiff disputes the accuracy of that determination, disputes that Minnesota may enforce an extra-territorial administrative end-date without producing the underlying court records, and contends that Minn. Stat. § 243.166, subd. 6(e), does not authorize Minnesota to adopt an unlawful or unverified foreign calculation.

28. On July 27, 2026, Plaintiff served a written demand for records, correction, and payment on the Governor, the Attorney General, and DPS, with a response deadline of August 10, 2026. Defendants did not cure the alleged defects.

29. The continued enforcement has restricted Plaintiff's liberty of movement and residence, required weekly in-person reporting while homeless, interfered with employment, housing, and family relationships, and caused financial, emotional, and reputational harm, over twenty-nine (29) years measured from the start of registration on or about August 19, 1997. The harm has continued for twenty-nine (29) years from the start of registration. Plaintiff presently

claims damages of $60,500,000.00 at ($500,000 x 29 years x 29 in damages for that period, subject to proof, itemization, and lawful adjustment.

30. Plaintiff reserves the right to supplement these facts after discovery of the complete BCA, DPS, Minneapolis Police, and interstate registry files, including audit trails of every change to offense description, term, and end date.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATION OF PROCEDURAL DUE PROCESS

## (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983)

31. Plaintiff incorporates the contents of paragraphs 1 to 30 above as if set forth fully herein.

32. Plaintiff has a liberty interest in being free from a registration obligation that is not supported by a valid judgment or statute as applied, and a reputational interest when registration is coupled with reporting, housing, employment, and travel restraints.

33. Defendants, acting under color of Minnesota law, have imposed and continued a registration term through 2031 (and previously for life) without providing the controlling court records, a reasoned written decision identifying the precise conviction and statute, or a meaningful pre- or post-deprivation hearing at which Plaintiff could contest Nebraska's end-date and the 2014 "lifetime" communication.

34. The absence of process is ongoing. Each weekly check-in and each agency letter that adopts Nebraska's date without an independent, documented review is a new application of the challenged policy.

## COUNT II

## SUBSTANTIVE DUE PROCESS AND UNLAWFUL RESTRAINT

35. Plaintiff incorporates the contents of paragraphs 1 to 34 above as if set forth fully herein.

36. Requiring registration for more than a decade beyond the original ten-year term, without a court order imposing that extension, shocks the conscience and is not narrowly tailored to a legitimate public-safety purpose as applied to Plaintiff.

37. Defendants may not, consistent with due process, treat an administrative letter from another state's registry as a substitute for a judgment.

**COUNT III**

**EQUAL PROTECTION**

38. Plaintiff incorporates the contents of paragraphs 1 to 37 above as if set forth fully herein.

39. Defendants have treated Plaintiff differently from similarly situated Minnesota registrants whose terms are calculated from Minnesota judgments, by importing an unverified foreign end-date and by previously labeling him a lifetime registrant on hearsay. The classification is not rationally related to a legitimate interest when the underlying records are not produced.

**COUNT IV**

**DECLARATORY JUDGMENT**

**(28 U.S.C. §§ 2201–2202; MINN. STAT. CH. 555, VIA 28 U.S.C. § 1367)**

40. Plaintiff incorporates the contents of paragraphs 1 to 39 above as if set forth fully herein.

41. An actual and justiciable controversy exists concerning:

i. whether Plaintiff is presently required to register in Minnesota;

ii. the lawful end date, if any;

iii. whether in Minn. Stat. § 243.166, subd. 6(e), permits Minnesota to enforce Nebraska's July 17, 2031 date; and

iv. whether any lifetime classification was ever lawful.

42. Plaintiff is entitled to a declaration resolving those questions on the controlling court records.

**COUNT V**

**INJUNCTIVE RELIEF**

**(FED. R. CIV. P. 65; 28 U.S.C. § 2202)**

43. Plaintiff incorporates the contents of paragraphs 1 to 42 above as if set forth fully herein.

44. Plaintiff has no adequate remedy at law for an ongoing, extra-judicial registration demand. Immediate irreparable harm includes compelled weekly reporting, risk of felony non-registration charges, and continued stigma.

45. Plaintiff seeks an order requiring Defendants to: produce certified records; conduct a formal review using court records rather than hearsay; terminate any unsupported requirement; correct all affected databases; and notify every agency that received inaccurate information.

**DAMAGES** Updated Correction 60,500,000.00

46. Plaintiff claims compensatory damages of ~~$605,000,000~~ for financial loss, loss of opportunity, restrictions on liberty, emotional distress, reputational harm, and related consequences of prolonged enforcement.

47. Plaintiff also seeks costs, allowable attorney's fees if counsel later appears under 42 U.S.C. § 1988, and such other damages as the evidence may support.

**JURY DEMAND**

48. Plaintiff demands trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally to the extent permitted by law, and award the following relief:

1. A declaration that any Minnesota registration obligation based on Docket 140, No. 944 is limited to the term authorized by the 1997 judgment and the then-applicable Nebraska statute, and identifying the lawful termination date.
2. A declaration that Defendants have not produced a court order imposing lifetime Minnesota registration.
3. A permanent injunction requiring Defendants to cease enforcing any unsupported registration demand; to correct BCA, DPS, Minneapolis Police, and interstate records; and to notify recipient agencies.
4. An order compelling production of certified copies of every judgment, plea, registration order, interstate record, and audit log relied upon.
5. Compensatory damages of $60,500,000, or such other amount as the Court deems fit and just in the circumstances, as proven.
6. Costs, disbursements, and all other relief the Court deems just and proper.

Dated: October 2th Day 2026.

Respectfully submitted,

TRACY LEE HOLMES,SR
PO BOX 14425.
MINNEAPOLIS Mn 55414
Phone: (612) 475-3274
Email: tracyholmes705@gmail.com