UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED BY MAIL
OCT 1 3 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**TRACY L. HOLMES, Plaintiff,**
v.
**STATE OF MINNESOTA, et al., Defendants.**
**Civil No.** ______________________________
District Judge: ________________________
Magistrate Judge: ______________________

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR TRO AND PRELIMINARY INJUNCTION**

## INTRODUCTION

Plaintiff seeks narrow interim relief while the Court considers the procedural-due-process claims in the First Amended Complaint. Minnesota presently states that Plaintiff must remain registered through July 17, 2031. Plaintiff contends that the agencies have not disclosed the complete dates, records, calculation, or review procedure needed to challenge an alleged noncompliance extension.

Plaintiff also reports a recent statement by an official identified only as "Stacy" that Plaintiff understood as a threat to pursue a violation despite asserted compliance. Because a violation designation may carry arrest, detention, prosecution, additional reporting burdens, or further extension of the disputed period, Plaintiff asks the Court to preserve the status quo pending an expedited hearing.

The amended complaint adds supervisory state and local officials at Plaintiff's direction. The requested interim order is not based on supervisory status alone. It applies to each named Defendant only to the extent that person has authority over or participates in the challenged records, registration, reporting, arrest, detention, charging, prosecution, or enforcement.

## BACKGROUND

The April 15, 2026 BCA letter states that Nebraska requires Plaintiff to register through July 17, 2031 and that Minnesota uses the same end date under Minn. Stat. § 243.166, subd. 6(e). An

SCANNED
OCT 1 3 2026
U.S. DISTRICT COURT MPLS

August 6, 2026 BCA letter describes earlier lifetime and May 5, 2031 positions and states that Nebraska later changed the date to July 17, 2031 because of alleged noncompliance.

Plaintiff disputes the noncompliance basis and alleges that Minnesota has not supplied an itemized calculation, source records, or meaningful review process. Plaintiff alleges continued reporting obligations in Minneapolis.

Current BCA organizational materials place Predatory Crimes/Predatory Offender Registration within the Investigations branch led by Deputy Superintendent Scott Mueller, under Superintendent Drew Evans. The BCA's current product-manager page identifies Katie Meiers as the product manager for the Predatory Offender Registry systems, including POR-ES, POR-LE, and the POR non-compliant website. Minneapolis publicly identifies Jamie Kieffer as a Predatory Offender Registration Unit investigator/Level 3 coordinator. These titles are pleaded only to identify current administrative or enforcement connections; they do not establish personal liability by themselves.

Plaintiff's later account concerning "Stacy" is pleaded cautiously because Plaintiff has not confirmed the surname, title, or exact wording. The declaration therefore requires Plaintiff to complete those facts before signing.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes temporary restraining and preliminary injunctive relief. In the Eighth Circuit, the Court considers the threat of irreparable harm, the balance between that harm and the injury that granting the injunction would inflict on other parties, the likelihood of success on the merits, and the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). When preliminary relief would enjoin enforcement of a duly enacted state statute, the movant must make the more rigorous

threshold showing that the movant is likely to prevail on the merits. Planned Parenthood Minn., N.D., S.D. v. Rounds, 530 F.3d 724, 732-33 (8th Cir. 2008) (en banc).

Rule 65(d) requires any injunction to state its terms specifically and describe in reasonable detail the acts restrained or required. Rule 65(d)(2) limits who is bound to the parties; their officers, agents, servants, employees, and attorneys; and persons in active concert or participation with them who receive actual notice.

## ARGUMENT

### I. PLAINTIFF PRESENTS A COLORABLE PROCEDURAL-DUE-PROCESS CLAIM.

Plaintiff alleges present legal burdens tied to disputed factual inputs concerning registration duration and noncompliance. Plaintiff further alleges that Minnesota has not provided an itemized factual calculation or a meaningful process to challenge the information before continued enforcement. Those allegations support a colorable request for process-focused prospective relief, even though the Court must still resolve preclusion, immunity, jurisdiction, limitations, and the merits.

Plaintiff does not ask the Court at this stage to declare the conviction invalid or to excuse every registration duty. The requested relief instead focuses on disclosure of the factual basis, an opportunity to respond, and prevention of adverse action based solely on an undisclosed disputed calculation.

### II. THE ALLEGED THREAT OF A VIOLATION SUPPORTS EXPEDITED REVIEW, BUT THE RECORD SHOULD REMAIN FACT-SPECIFIC.

A threatened violation may create irreparable consequences if it results in arrest, detention, criminal referral, or a further extension before meaningful review can occur. Plaintiff's account of the "Stacy" statement therefore supports expedited judicial attention if Plaintiff truthfully completes and signs the declaration.

Because the speaker's surname, title, exact words, and any actual violation action remain unconfirmed, the proposed orders are drafted to prohibit adverse action based solely on the disputed calculation or retaliation for this lawsuit while preserving lawful enforcement of a separately documented new violation.

## III. THE BALANCE OF HARMS AND PUBLIC INTEREST FAVOR A NARROW, PROCESS-BASED ORDER IF THE COURT FINDS THE OTHER REQUIREMENTS SATISFIED.

Plaintiff seeks to avoid the consequences of an allegedly unsupported violation designation. Defendants retain authority to enforce an independently valid obligation and to act on a separately documented new violation. A process-based order therefore minimizes interference with legitimate public-safety functions while protecting against enforcement based solely on disputed or undisclosed inputs.

The public interest favors both lawful enforcement of registration statutes and accurate government records, fair notice, and meaningful review.

## IV. THE ORDER SHOULD BE LIMITED TO DEFENDANTS WITH A LEGALLY SUFFICIENT ENFORCEMENT CONNECTION.

Plaintiff has asked to name the Governor, Attorney General, State Patrol chief, BCA leadership and the publicly identified POR product manager, DOC commissioner, Minneapolis Police chief, Hennepin County Sheriff, Hennepin County Attorney, local POR personnel, and a partially identified official named Stacy. Supervisory title alone does not establish personal § 1983 liability. The proposed orders therefore apply only to the extent each Defendant has authority over or participates in the challenged records or enforcement functions.

For the same reason, Plaintiff does not request damages from the State or from state officials solely in their official capacities, and does not seek damages against the county attorney for protected prosecutorial acts.

## V. SECURITY MAY BE SET AT ZERO OR A NOMINAL AMOUNT.

Plaintiff reports receiving fixed disability income and seeks primarily nonmonetary relief. Plaintiff therefore requests zero or nominal security under Rule 65(c), while acknowledging that the amount and necessity of security are for the Court to determine.

## CONCLUSION

Plaintiff respectfully requests narrowly tailored temporary relief, an expedited preliminary-injunction hearing, and such further relief as the Court finds lawful and appropriate.

Dated: ____________________

Respectfully submitted,

_________________________________
TRACY L. HOLMES, Plaintiff Pro Se
740 East 17th Street
Minneapolis, MN 55404
Telephone: _________________________
Email: tracyholmes705@gmail.com