**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RECEIVED BY MAIL
OCT 13 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**TRACY L. HOLMES, Plaintiff,**
v.
**STATE OF MINNESOTA,**
**KEITH ELLISON,**
**TIM WALZ,**
**DREW EVANS,**
**SCOTT MUELLER,**
**KATIE MEIERS,**
**PAUL SCHNELL,**
**CHRISTINA BOGOJEVIC,**
**BILL PETERSON,**
**DAWANNA S. WITT,**
**MARY F. MORIARTY,**
**JAMIE KIEFFER,**
**STACY DOE,**
**JOHN/JANE DOES 1-3, Defendants.**
**Civil No. ________________________________**
District Judge: __________________________
Magistrate Judge: ________________________

# FIRST AMENDED COMPLAINT AND JURY DEMAND

## PRELIMINARY STATEMENT

1. Plaintiff Tracy L. Holmes brings this action under 42 U.S.C. § 1983 concerning Minnesota officials' alleged post-2021 adoption, maintenance, communication, and enforcement of an interstate predatory-offender registration-duration determination without itemized notice or a meaningful review process. This pleading also incorporates Plaintiff's later allegation that a local reporting official identified only as "Stacy" threatened a violation despite Plaintiff's asserted compliance. Plaintiff does not ask this Court to vacate the Nebraska conviction or alter a criminal sentence.

2. Nebraska registration staff stated on April 22, 2026 that Plaintiff has a 25-year registration period with a current end date of July 17, 2031, unless Plaintiff has been convicted of another sex offense after leaving Nebraska. Plaintiff alleges that Minnesota currently relies on Nebraska's determination but has not identified the precise Minnesota legal authority,

SCANNED
OCT 13 2026
U.S. DISTRICT COURT MPLS

classification, calculation, source records, or procedure by which Plaintiff can contest factual errors or an alleged noncompliance extension.

3. This First Amended Complaint adds parties identified or requested after the original Minnesota filing. The added supervisory defendants are sued only to the extent they have a legally sufficient connection to the challenged registration, reporting, arrest, detention, charging, prosecution, records, or enforcement functions. Plaintiff does not rely on respondeat superior and does not allege personal participation where none is presently known.

## PARTIES

4. Plaintiff Tracy L. Holmes is a natural person who resides in or reports within Minnesota. Plaintiff's current mailing address is 740 East 17th Street, Minneapolis, MN 55404. Plaintiff proceeds pro se.

5. Defendant State of Minnesota is included at Plaintiff's direction. Plaintiff seeks no damages against the State under 42 U.S.C. § 1983 and seeks only declaratory or prospective relief to the extent such relief is legally available notwithstanding sovereign-immunity and other jurisdictional limits.

6. Defendant Keith Ellison is the Attorney General of Minnesota and is sued only in official capacity for prospective relief, and only to the extent the Attorney General has a legally sufficient connection to enforcement, defense, supervision, or correction of the challenged Minnesota registration or records practices. Any successor is substituted under Federal Rule of Civil Procedure 25(d).

7. Defendant Tim Walz is the Governor of Minnesota and is sued only in official capacity for prospective relief, and only to the extent Plaintiff can establish a specific connection between the Governor's authority and the challenged enforcement. Plaintiff does not

presently allege that Governor Walz personally calculated Plaintiff's registration period or personally threatened enforcement.

8. Defendant Drew Evans is Superintendent of the Minnesota Bureau of Criminal Apprehension ("BCA") and is sued in official capacity for prospective relief concerning BCA records, interstate information, and predatory-offender-registration administration. Any successor is substituted under Rule 25(d).

9. Defendant Scott Mueller is BCA Deputy Superintendent for Investigations. Current BCA organizational materials place Predatory Crimes/Predatory Offender Registration within the Investigations branch. Mueller is sued only in official capacity for prospective relief to the extent his office supervises the challenged records or registration functions. Plaintiff does not allege that Mueller personally calculated Plaintiff's end date unless later evidence establishes such involvement.

10. Defendant Katie Meiers is publicly identified by the BCA as a product manager whose portfolio includes the Predatory Offender Registry (POR), including POR-ES, POR-LE, and the POR non-compliant website. Meiers is sued only in official capacity for prospective relief to the extent her current duties include maintaining, administering, correcting, or communicating data used in the challenged registry systems. Plaintiff does not allege that Meiers personally made the underlying duration determination unless later evidence establishes such involvement.

11. Defendant Paul Schnell is Commissioner of the Minnesota Department of Corrections ("DOC") and is sued only in official capacity for prospective relief to the extent DOC assigns risk levels, maintains or publishes related information, or otherwise participates in the challenged enforcement. Any successor is substituted under Rule 25(d).

12. Defendant Colonel Christina Bogojevic is Chief of the Minnesota State Patrol and is sued only in official capacity for prospective relief to the extent State Patrol personnel participate in arrest, detention, or enforcement arising from the disputed registration determination. Plaintiff does not presently allege that Bogojevic personally calculated Plaintiff's registration duration.

13. Defendant Bill Peterson is the Interim Chief of the Minneapolis Police Department ("MPD"). Peterson is sued only in official capacity for prospective relief concerning MPD registration/reporting enforcement and supervision of the local Predatory Offender Registration Unit. Plaintiff does not presently allege personal participation by Peterson in the disputed calculation.

14. Defendant Dawanna S. Witt is the elected Hennepin County Sheriff. Witt is sued only in official capacity for prospective relief to the extent the Sheriff's Office executes warrants, detains Plaintiff, or otherwise participates in enforcement arising from the disputed registration determination. Plaintiff does not presently allege personal participation by Sheriff Witt in calculating the registration period.

15. Defendant Mary F. Moriarty is the Hennepin County Attorney. Moriarty is sued only in official capacity for prospective relief to the extent her office has authority over charging or prosecution based on an alleged registration violation. Plaintiff seeks no damages against Moriarty for conduct protected by prosecutorial immunity and does not allege that she personally calculated Plaintiff's registration duration.

16. Defendant Jamie Kieffer is a Case Investigator and Level 3 Coordinator in the Minneapolis Police Department Predatory Offender Registration Unit. Kieffer is sued in official capacity

and, only to the extent supported by evidence of personally undertaken post-2021 conduct, individual capacity. Plaintiff does not rely on respondeat superior.

17. Defendant Stacy Doe is an individual whose first name Plaintiff identifies as "Stacy," but whose surname and exact title Plaintiff has not yet confirmed. Plaintiff alleges that Stacy was acting in connection with local predatory-offender reporting in Minneapolis and personally threatened to "violate" Plaintiff despite Plaintiff's asserted compliance. Stacy Doe is sued in official capacity and, subject to identification and proof of personal conduct, individual capacity. Plaintiff will amend the name when the identity is confirmed.

18. John/Jane Does 1-3 are other Minnesota officials who allegedly made, approved, maintained, communicated, or enforced the challenged post-2021 determination. Plaintiff will seek leave to substitute their names after lawful discovery.

## JURISDICTION AND VENUE

19. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because the claims arise under the Fourteenth Amendment and 42 U.S.C. § 1983. Declaratory relief is available under 28 U.S.C. §§ 2201-2202, and prospective official-capacity relief may be available under Ex parte Young where its requirements are satisfied.

20. Venue is alleged to be proper in this District under 28 U.S.C. § 1391(b) because the Minnesota defendants perform the challenged functions in Minnesota and the alleged reporting, communications, record use, and present injuries occur in Minnesota.

21. Plaintiff seeks damages only from defendants properly sued in individual capacities and only for personally undertaken conduct proved to violate federal law. No damages are sought against the State of Minnesota or against state officials solely in their official capacities under § 1983. Official-capacity claims seek prospective relief only to the extent permitted by law.

## PRIOR FEDERAL ACTIONS AND LIMITED SCOPE OF NEW CLAIMS

22. Plaintiff previously litigated related Nebraska registration issues in Holmes v. Nebraska State Patrol, No. 8:10-cv-00380 (D. Neb.), and later filed Holmes v. State of Nebraska, No. 8:21-cv-00158 (D. Neb.). Plaintiff discloses both prior actions.

23. Plaintiff does not ask this Court to reconsider claims decided in those actions or claims based solely on conduct available before the prior judgments. This Minnesota action concerns later Minnesota conduct, including 2025-2026 use of a newly communicated Nebraska end date, present reporting requirements, the alleged failure to identify governing authority and disputed factual inputs, the alleged failure to provide meaningful review, and any later retaliatory or unsupported enforcement threat.

24. Older registry history is background only. Monetary relief is limited to timely post-judgment injuries, and Plaintiff disclaims double recovery.

## FACTUAL ALLEGATIONS

25. The supplied Nebraska docket extracts concern a 1997 Douglas County case. Plaintiff's current Minnesota challenge is directed to the later registration-duration determination and Minnesota's use of that determination, not to vacating the conviction itself.

26. On April 22, 2026, Nebraska registration staff stated that Plaintiff remained subject to a 25-year period with a current end date of July 17, 2031, unless another sex-offense conviction had occurred after Plaintiff left Nebraska.

27. A Minnesota BCA letter dated April 15, 2026 states that Plaintiff initially registered in Nebraska on August 19, 1997, that Nebraska required registration through July 17, 2031, and that Minnesota required the same period under Minn. Stat. § 243.166, subd. 6(e).

28. As background, an August 6, 2026 BCA letter reports that Minnesota previously treated Plaintiff as a lifetime registrant based on a 2014 Nebraska communication and later used a

May 5, 2031 end date supplied in 2020. The letter further reports that Nebraska changed the date to July 17, 2031 on November 13, 2025 because of alleged noncompliance and confirmed that date on August 5, 2026.

29. Plaintiff alleges that Plaintiff has no later sex-offense conviction. Plaintiff disputes the current end date and says Plaintiff has not received an itemized statement of the start date, credits, tolling or noncompliance periods, source records, or legal rules used to calculate the end date.

30. Plaintiff alleges that Minnesota officials require periodic or weekly contact, check-in, registration, or verification based at least in part on interstate information. The Minneapolis Police Department publicly states that registrants in Minneapolis who are registered as homeless must check in weekly.

31. Plaintiff alleges that Minnesota has not issued a sufficiently detailed written determination identifying whether it independently calculated Plaintiff's duration, merely adopted Nebraska's date, or applied a distinct Minnesota duration rule, and has not identified a meaningful process to challenge disputed noncompliance dates or interstate records before continued enforcement.

32. Current BCA organizational materials identify Drew Evans as BCA Superintendent and Scott Mueller as Deputy Superintendent for Investigations, and place Predatory Crimes/Predatory Offender Registration within the Investigations branch. The public BCA registry contact page identifies the unit and contact information but does not identify the current unit manager by name.

33. Current public records identify Paul Schnell as DOC Commissioner, Christina Bogojevic as Chief of the Minnesota State Patrol, Bill Peterson as Interim Minneapolis Police Chief,

Dawanna S. Witt as Hennepin County Sheriff, Mary F. Moriarty as Hennepin County Attorney, and Tim Walz as Governor of Minnesota. Plaintiff names these officials at Plaintiff's direction but alleges liability only to the extent a legally sufficient enforcement connection and other required elements are established.

34. By September 7, 2026, Plaintiff reported hearing an individual identified to Plaintiff only as "Stacy" say words Plaintiff understood as a threat that Stacy would "violate" Plaintiff despite Plaintiff's asserted compliance. Plaintiff also reported concern that the threat arose after or because of the lawsuit. Plaintiff has not yet confirmed Stacy's surname, formal title, exact words, or whether any violation was actually entered.

35. Plaintiff alleges that a violation designation could expose Plaintiff to arrest, detention, charging, prosecution, additional reporting burdens, or a further extension of the disputed registration period. Plaintiff seeks prospective process and protection against adverse action based solely on the disputed calculation or retaliation for pursuing this lawsuit, while preserving lawful enforcement of any separately documented new violation.

36. Plaintiff sent or prepared administrative and demand communications requesting a written determination, the controlling legal authority and records, correction of disputed information, and an explanation of the basis for continued registration. Plaintiff alleges the dispute remains unresolved.

37. On September 14, 2026, Plaintiff prepared an updated Minnesota demand letter to supersede the July 27, 2026 demand as to party identification, current mailing address, the corrected damages figure, and factual/legal qualifications reflected in this pleading. Plaintiff identifies the updated demand only as part of the notice chronology and does not offer it as proof that any recipient is liable or that any requested remedy is legally available.

38. Plaintiff previously stated inconsistent damages figures, including $90,000,000 in connection with the Minnesota matter and $450,500,000 as an aggregate figure. Plaintiff withdraws those earlier figures and states the corrected asserted aggregate valuation as $420,500,000.00, based on Plaintiff's stated formula $500,000.00 x 29 x 29 = $420,500,000.00. This is an asserted valuation only; Plaintiff seeks only timely, nonduplicative, legally recoverable damages proved by admissible evidence and does not seek double recovery.

**COUNT I - PROCEDURAL DUE PROCESS (42 U.S.C. § 1983)**

39. Plaintiff incorporates the preceding paragraphs to the extent consistent with the limited scope stated above.

40. Plaintiff alleges that Minnesota's post-2021 adoption or enforcement of the disputed end date imposes present legal burdens and depends on disputed adjudicative facts, including particular periods of compliance or noncompliance and the source records used in the calculation.

41. Plaintiff alleges that the responsible Defendants failed to provide adequate notice of the governing rule and factual calculation and failed to provide a meaningful opportunity for review before a neutral decision-maker.

42. Plaintiff alleges an ongoing deprivation that can be remedied by prospective process without invalidating the underlying conviction or authorizing violation of a lawful registration requirement.

**COUNT II - DECLARATORY AND PROSPECTIVE INJUNCTIVE RELIEF**

43. An actual controversy exists concerning Minnesota's present basis for requiring continued registration or reporting and the procedure available to correct disputed interstate information.

44. Plaintiff seeks a declaration limited to the federal adequacy of the post-2021 notice and review process and a narrowly tailored order preventing adverse enforcement based solely on an undisclosed disputed calculation or retaliation for pursuing this action.

45. Plaintiff seeks an order requiring the appropriate official to identify the governing Minnesota authority, Nebraska information relied upon, calculation, source records, and review procedure, and to correct any material error established through that procedure.

46. Plaintiff does not request an order permitting Plaintiff to disregard any independently valid duty before written judicial or agency relief is issued.

**PRAYER FOR RELIEF**

A. Accept jurisdiction over the timely post-judgment federal claims;

B. Declare the parties' rights concerning the post-2021 Minnesota notice and review process;

C. Order a written determination identifying Minnesota's legal authority, classification, duration, interstate information relied upon, factual calculations, and review procedure;

D. Order correction and notice to affected agencies of any material inaccuracy established through lawful review;

E. Grant narrowly tailored prospective relief against only those Defendants with a legally sufficient connection to the challenged enforcement, including protection against adverse action based solely on the disputed calculation or retaliation for filing and prosecuting this action, while preserving any independently valid registration obligation;

F. Award nominal and compensatory damages only against proper individual-capacity defendants for personally undertaken conduct proved at trial, with Plaintiff stating the corrected asserted valuation of $420,500,000.00 and punitive damages only if the governing standard is proved;

G. Avoid double recovery and award taxable costs and other relief authorized by law; and

H. Grant such further relief as the Court deems just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

Dated: ____________________

Respectfully submitted,

_________________________________

TRACY L. HOLMES, Plaintiff Pro Se
740 East 17th Street
Minneapolis, MN 55404
Telephone: _________________________
Email: tracyholmes705@gmail.com