RECEIVED BY MAIL
OCT 13 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Sent via PettyLawsuit.com
Documented dispute notice - Updated / superseding notice

# UPDATED MINNESOTA DEMAND LETTER

## Superseding Prior Party Identification and Correcting Parties

Reference: PettyLawsuit Case 89391003 / Original Doc DL-89391

TRACY L. HOLMES
PO BOX 14425
Minneapolis, MN 554014
Email: tracyholmes705@gmail.com
Date: September 2nd Day 2026.

### TO: UPDATED MINNESOTA RECIPIENTS

STATE OF MINNESOTA - State of Minnesota
KEITH ELLISON - Attorney General of Minnesota
TIM WALZ - Governor of Minnesota
DREW EVANS - Superintendent, Minnesota Bureau of Criminal Apprehension
SCOTT MUELLER - Deputy Superintendent - Investigations, Minnesota Bureau of Criminal Apprehension
KATIE MEIERS - BCA Product Manager - Predatory Offender Registry (POR)
PAUL SCHNELL - Commissioner, Minnesota Department of Corrections
CHRISTINA BOGOJEVIC - Colonel / Chief, Minnesota State Patrol
BILL PETERSON - Interim Chief of Police, Minneapolis Police Department
DAWANNA S. WITT - Hennepin County Sheriff
MARY F. MORIARTY - Hennepin County Attorney
JAMIE KIEFFER - Case Investigator / Level 3 Coordinator, Minneapolis Police Department Predatory Offender Registration Unit
STACY DOE - first name known only; local POR official, identity to be confirmed

RE: Updated demand concerning disputed Minnesota predatory-offender registration duration, records, review process, enforcement, and alleged retaliatory threat. This letter supersedes the July 27, 2026 Minnesota demand as to party identification, current mailing address, damages figures, and any factual or legal statement that is corrected or qualified below. The original demand and attachments remain background only to the extent they are consistent with this updated notice.

### FACTS AND DISPUTE

- Plaintiff's underlying criminal and original registration history arose in Nebraska. Minnesota currently states that Plaintiff's registration end date is July 17, 2031.
- An April 15, 2026 BCA letter states that Nebraska requires registration through July 17, 2031 and that Minnesota uses the same end date under Minn. Stat. § 243.166, subd. 6(e). An August 6, 2026 BCA letter describes earlier lifetime and May 5, 2031 positions and states that the date later changed to July 17, 2031 because of alleged noncompliance.

SCANNED
OCT 13 2026
U.S. DISTRICT COURT MPLS

- Plaintiff disputes the noncompliance basis and demands an itemized written explanation identifying the legal authority, source records, dates, credits, tolling/noncompliance periods, calculation, and review procedure.
- Plaintiff reports present registration/reporting obligations in Minneapolis. Plaintiff further reports that by September 7, 2026 an official identified only as "Stacy" made a statement Plaintiff understood as a threat to "violate" Plaintiff despite asserted compliance. Plaintiff has not yet confirmed Stacy's surname, exact title, exact words, or whether any violation was entered; this allegation is therefore stated cautiously and subject to verification.
- Current public records identify the responsible or potentially relevant supervisory officials as Governor Tim Walz, Attorney General Keith Ellison, BCA Superintendent Drew Evans, BCA Deputy Superintendent for Investigations Scott Mueller, DOC Commissioner Paul Schnell, State Patrol Chief Christina Bogojevic, Interim Minneapolis Police Chief Bill Peterson, Hennepin County Sheriff Dawanna S. Witt, Hennepin County Attorney Mary F. Moriarty, and Minneapolis POR investigator/Level 3 coordinator Jamie Kieffer.
- BCA's current public product-manager page identifies Katie Meiers as the product manager for the Predatory Offender Registry systems, including POR-ES, POR-LE, and the POR non-compliant website. Plaintiff identifies her only in that verified published role and does not allege personal responsibility for the challenged duration calculation without supporting evidence.

## LEGAL AND PROCEDURAL POSITION

- Plaintiff contends that continued enforcement based on disputed factual inputs without adequate notice or meaningful review may implicate federal procedural-due-process protections. Any ultimate claim remains subject to jurisdiction, immunity, limitations, preclusion, causation, and proof.
- This demand does not allege that supervisory status alone creates liability. Each named official is included because Plaintiff requested identification of the current officials whose offices may have authority over registration records, reporting, arrest, detention, prosecution, or enforcement. Personal damages would require proof of personal conduct and a legally available cause of action.

Dated: October 2th Day 2026.

Respectfully submitted,
TRACY LEE HOLMES,SR
TRACY L. HOLMES, Plaintiff Pro Se
PO BOX 11425.
Minneapolis, MN 55414
Telephone: (612) 475-3274
Email: tracyholmes705@gmail.com

- Plaintiff does not demand that any agency ignore a separately documented new violation or a valid, independently established registration obligation. Plaintiff demands accurate records, specific notice, meaningful review, and non-retaliatory enforcement.

## CORRECTED DAMAGES POSITION

Earlier Minnesota correspondence stated a $90,000,000 figure, and other preliminary materials stated a $90 000,000 aggregate figure. Those figures are superseded. Plaintiff states the corrected asserted valuation as $60,500,000.00 using Plaintiff's stated formula of $500,000.00 x 29 x 29 that equals to $60,5000.00. This figure is an asserted valuation only and does not establish legal entitlement to that amount. Plaintiff seeks only damages that are timely, nonduplicative, causally supported, proved by admissible evidence, and legally recoverable.

## DEMANDS

1. Provide a written determination identifying Plaintiff's current Minnesota registration duty, classification, duration, and legal authority.
2. Identify all Nebraska and Minnesota records, communications, database entries, dates, credits, tolling/noncompliance periods, and calculations used to produce the July 17, 2031 end date.
3. Identify the responsible decision-maker and a meaningful procedure for review and correction of disputed information.
4. Preserve all records, audit logs, communications, reporting/check-in records, referral records, and database-change histories relevant to Plaintiff.
5. Refrain from retaliation for Plaintiff's requests, demand, or federal litigation and refrain from adverse action based solely on a disputed or undisclosed calculation without written notice and a meaningful opportunity to respond.
6. Correct and notify affected agencies of any material factual or database error established through review.
7. Provide a written response within fourteen (14) days of receipt or such other period as the recipient reasonably requests in writing.

## RESERVATION OF RIGHTS

This updated demand is made without prejudice and with full reservation of rights. It is not a representation that every named official is individually liable, that every requested remedy is legally available, or that the asserted damages figure will be recoverable. Plaintiff reserves the right to amend factual allegations and party identification as records and discovery clarify responsibility.