**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Tracy Lee Holmes, Sr.,

Plaintiff,

v.

State of Minnesota; Tim Walz, *Governor of Minnesota, in his official capacity*; Keith Ellison, *Attorney General of Minnesota, in his official capacity*; Drew Evans; Scott Mueller; Katie Meiers; Paul Schnell; Chrstina Bogojevic; Bill Peterson; Dawanna S. Witt; Mary F. Moriarty; Jamie Kiefer; Stacy Doe; and John/Jane Does 1–3,

Defendants.

Case No. 26-CV-4483 (JMB/SGE)

**ORDER**

---

This matter comes before the Court on Plaintiff Tracy Lee Holmes, Sr.'s application to proceed in forma pauperis ("IFP Application"). (Doc. No. 2). For the reasons noted below, the Court dismisses the Amended Complaint (Doc. No. 10) without prejudice and denies the IFP Application.

Courts must deny an IFP application and dismiss the underlying legal action if a complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (per curiam). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing whether a complaint states a claim on which relief may be granted, courts accept as true

the factual allegations in a complaint and draw all reasonable inferences in a plaintiff's favor. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009). However, courts are not bound to accept legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678. Complaints filed by self-represented plaintiffs, while construed liberally, "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Holmes alleges that, in 1997, he pleaded *nolo contendere* to sexual assault on a minor in Douglas County, Nebraska. (Doc. No. 10.) Holmes now lives in Minnesota and is required under Nebraska state law to register as a sex offender until July 17, 2031. (*Id.* at 6–7.) Since moving to Minnesota, Holmes alleges that he has received conflicting correspondence from the Minnesota Bureau of Criminal Apprehension (BCA) regarding the length of the period for which he will have to register in Minnesota as a sex offender. (*Id.*) He alleges that relevant Minnesota officials "ha[ve] not issued a sufficiently detailed written determination identifying whether it independently calculated [his] duration, merely adopted Nebraska's date, or applied a distinct Minesota duration rule." (*Id.* at 7.) Holmes asserts a claim under 42 U.S.C. § 1983 on grounds that the State of Minnesota has violated his procedural due process rights by failing to provide him with a means through which to understand or challenge the registration period. (Doc. No. 10 at 9–10.) He also seeks related declaratory relief. (*Id.* at 10.) He seeks $420,500,000 in monetary damages. (*Id.* at 9.) The allegations are not sufficient to state a plausible claim because they do not address the necessary elements of a section 1983 claim.

When alleging procedural due process violations under 42 U.S.C. § 1983, a plaintiff must identify a protectable interest and allege that due process was not afforded prior to being deprived of that interest. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569, (1972); *see also Zinermon v. Burch*, 494 U.S. 113, 126 (1990) ("The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). The Eighth Circuit Court of Appeals has found that Minnesota Statutes section 243.166—the Minnesota statute through which Holmes's registration is now being enforced—does not implicate a protected liberty interest. *Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir. 2003).[1] Without a protected liberty interest at issue, Holmes's procedural due process claim is not viable. Accordingly, this matter will be dismissed for failure to state a claim and Plaintiff's IFP application be denied as moot.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. The Amended Complaint (Doc. No. 10) is DISMISSED WITHOUT PREJUDICE;

2. Plaintiff Tracy Lee Holmes's Application in Forma Pauperis (Doc. No. 2) is DENIED AS MOOT; and

3. Plaintiff Holmes's Motions for a Temporary Restraining Order (Doc. No. 4; Doc. No. 12), Expedited Motion to Stay Proceedings (Doc. No. 28),

[1] Since *Gunderson*, section 243.166 was revised to add registration procedures for individuals such as Holmes who lack stable housing. At least one court has found that those added provisions "do not violate a liberty interest afforded due process under the Fourteenth Amendment." *Meyers v. Roy*, No. 11-CV-0291 (ADM/TNL), 2012 WL 28122, at *3 (D. Minn. Jan. 5, 2012), *aff'd*, 714 F.3d 1077 (8th Cir. 2013).

Emergency Motion to Compel Discovery (Doc. No. 29), Emergency Motion for Extension of Time to Comply with Court Order (Doc. No. 30), and Motion in Opposition to Defendant's Motion to Dismiss (Doc. No. 31) are DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 5, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court